IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION, ) | |
| ) | CIVIL ACTION NO. 1:10-cv-00600 |
| Plaintiff, ) | |
| v. ) | COMPLAINT |
| MOUNTAIN RIVER TRUCKING ) | |
| COMPANY, INC. ) | **JURY TRIAL DEMAND** |
| Defendant. ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Della Francis another similarly situated female employees who was adversely affected by such practices. As alleged in greater detail below, the Equal Employment Opportunity Commission (the "Commission") alleges Mountain River Trucking Company, Inc. ("Defendant") subjected Francis and another similarly situated female employee, namely Latosha Hughes, to a hostile work environment based on their sex, female. The Commission further alleges Defendant discharged Francis in retaliation for complaints she made to Defendant about the sexually hostile work environment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of North Carolina.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII of the Civil Rights Act of 1964, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a North Carolina corporation, with its principal place of business in Mount Airy, North Carolina. Defendant has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

## STATEMENT OF CLAIMS

6.  More than thirty days prior to the institution of this lawsuit, Della Francis filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.  From approximately September 2007 through March 2008, Defendant engaged in unlawful employment practices at its location in Mount Airy, N.C., in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1), as set forth below.

8.  Defendant subjected Francis to unwelcome harassment that created a sexually hostile work environment based on her sex, female. The harassment was severe or pervasive in that it occurred on a daily basis throughout Francis' employment from approximately October 22, 2007 through November 30, 2007. The harassment was perpetrated or facilitated by Defendant's president and owner, who was Francis' supervisor.

9.  For example, on or about October 23, 2007, Defendant's president/owner made an unsolicited statement to one of Francis' male co-workers that Francis' husband did not know how to "please her sexually," and asked the employee to demonstrate how he would do so. In response, the employee proceeded to act out sexual intercourse and oral sex in the presence of Francis and Defendant's president/owner. Thereafter, throughout Francis' employment, the president/owner made comments daily or almost every day to Francis about the size of his penis and his sexual prowess. He also spoke daily or almost daily to Francis about his past sexual experiences with women, and would compare them to sexual encounters with his wife, who is Defendant's Human Resources

3

Manager. Further, the president/owner invited Francis into his office to view photos and video clips of a sexual nature. Specifically, twice per week or more, he showed Francis photos on his computer of nude women that he claimed he wanted to have sex with. On one occasion, on or about November 20, 2007, the president/owner showed Francis a video clip of a sex crime scene investigation, which concluded with the investigator finding semen on the face of a female. Additionally, in or around November 2007, the president/owner instructed three male employees to make a sign in Defendant's workplace that said "show your tits." Francis actually saw the sign in the workplace once in November 2007.

10. Beginning immediately after the incident that occurred on or about October 23, 2007, Francis complained numerous times to Defendant's Human Resources Manager. Although the Human Resources Manager responded to Francis that she would talk to the president/owner (her husband), and the male employee about the harassment, the harassment continued. Specifically, Francis complained to the Human Resources Manager when the president/owner made comments about the size of his penis and sexual encounters; after he showed her the nude pictures and video clip; and after seeing the sign that said "show your tits." Francis also directly confronted the president/owner about the harassment around November 15, 2007, and complained for the final time to the Human Resources Manager on or about November 27, 2007. Defendant did not take action to stop the harassment, which persisted throughout Francis' employment with Defendant.

4

11. Defendant also subjected a similarly situated female employee, namely Latosha Hughes, to a sexually hostile work environment. The harassment was unwelcome, and was severe or pervasive in that Hughes was subjected to harassment from approximately September 2007 through approximately March 2008. Defendant's president/owner perpetrated the harassment toward Hughes, which included at least ten (10) sexual advances; he fabricated stories that a male co-worker wanted to have sex with Hughes in order to convey his own apparent interest in having sex with Hughes. Hughes complained about the harassment to Defendant's Human Resources Manager at least ten (10) times, but Defendant did not act reasonably to stop the harassment, and it persisted throughout her employment with Defendant.

12. Defendant is liable for subjecting Della Francis and Latosha Hughes to a sexually hostile work environment because the harassment was perpetrated or facilitated by Defendant's president and owner, who had direct supervisory authority over them.

13. On or about November 30, 2007, Defendant engaged in unlawful employment practices at its location in Mount Airy, N.C., in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), by discharging Francis because she opposed employment practices made unlawful by Title VII. Specifically, Francis complained to Defendant about sexual harassment multiple times, including to Defendant's president/owner (the harasser) on or about November 15, 2007, and for the final time to Defendant on November 27, 2007. Defendant discharged Francis on or about November 30, 2007.

14. The effect of the practices complained of above has been to deprive Della Francis and Latosha Hughes of equal employment opportunities, and otherwise adversely affect their status as employees because of their sex, female.

15. The effect of the practices complained of above has been to deprive Della Francis of equal employment opportunities and otherwise adversely affect her status as an employee because of her opposition to practices made unlawful under Title VII.

16. The unlawful employment practices complained of above were intentional.

17. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Della Francis and Latosha Hughes.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from maintaining a sexually hostile work environment, and from retaliating against employees who oppose unlawful discrimination, make a charge of unlawful discrimination, or participate in an investigation of unlawful discrimination.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Della Francis by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices described above, including but not limited to reinstatement or front pay.

D. Order Defendant to make whole Della Francis and Latosha Hughes by providing compensation for past and future pecuniary losses resulting from unlawful employment practices described above, in amounts to be determined at trial.

E. Order Defendant to make whole Della Francis and Latosha Hughes by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem, and loss of civil rights, in amounts to be determined at trial.

F. Order Defendant to pay punitive damages to Della Francis and Latosha Hughes for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

This 4th day of August, 2010.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M. Street, NE
Fourth Floor, Suite 4NWO2F
Washington, D.C. 20507

**s/ Lynette A. Barnes**
LYNETTE A. BARNES (NC Bar # 19732)
Regional Attorney

TINA M. BURNSIDE
Supervisory Trial Attorney

**s/ Darryl L. Edwards**
DARRYL L. EDWARDS (PA Bar ID #205906)
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, NC 28202
Telephone: (704) 954-6467
Facsimile: (704) 954-6412
E-mail: darryl.edwards@eeoc.gov

**ATTORNEYS FOR PLAINTIFF**